STATE OF NORTH CAROLINA, EX REL, COMMISSIONER OF INSURANCE, APPELLEE v. NORTH CAROLINA RATE BUREAU, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, AETNA CASUALTY & SURETY COMPANY, AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, STANDARD FIRE INSURANCE COMPANY, TRAVELERS INSURANCE COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY, UNITED STATES FIDELITY & GUARANTY COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, FIDELITY & GUARANTY INSURANCE UNDERWRITERS, TRAVELERS INDEMNITY COMPANY, MARYLAND CASUALTY COMPANY, TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, PENNSYLVANIA, NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, APPELLANTS IN THE MATTER OF A FILING DATED NOVEMBER 27, 1979 BY THE NORTH CAROLINA RATE BUREAU FOR REVISED WORKERS' COMPENSATION INSURANCE RATES DOCKET NO. 314

No. 8010INS506

(Filed 6 January 1981)

APPEAL by North Carolina Rate Bureau from Order of North Carolina Commissioner of Insurance dated 25 February 1980. Heard in the Court of Appeals 2 December 1980.

*Attorney General Edmisten by Assistant Attorney General Richard L. Griffin for appellee.*

*Young, Moore, Henderson & Alvis by Charles H. Young and George M. Teague for defendant appellants.*

CLARK, Judge.

On 27 November 1979 the Rate Bureau made a filing for revised workers' compensation insurance rates proposing an indicated need

for a 24.3% increase in the overall level of workers' compensation rates and rating values, but the proposed increase was limited to 6% pursuant to G.S. 58-124.26. The Rate Bureau appeals from the order of the Commissioner of Insurance disapproving substantially the entire rate increase proposed in the filing.

The brief of the Commissioner concedes that the questions presented in this appeal are either directly controlled or rendered moot by two decisions of the North Carolina Supreme Court, both filed 15 July 1980 and entitled "Commissioner of Insurance v. North Carolina Rate Bureau," one printed in 300 N.C. 381, 269 S.E. 2d 547, and the other in 300 N.C. 485, 269 S.E. 2d 602.

In view of the concessions made by the Commissioner, his Order dated 25 February 1980, is vacated and set aside, and the filing as limited by G.S. 58-124.26 is approved, and it is ordered that all escrowed premium funds be distributed to the member insurers pursuant to G.S. 58-124.22(b).

Reversed and Vacated.

Judges HEDRICK and WHICHARD concur.